**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4932**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONNIE LEE NEELY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:10-cr-00086-RJC-DSC-1)

Submitted:  May 30, 2012          Decided:  June 12, 2012

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ronnie Lee Neely of conspiracy to distribute and/or possess with intent to distribute cocaine and cocaine base (Count One), and attempt to possess with intent to distribute cocaine (Count Two). The Government filed an Information pursuant to 21 U.S.C.A. § 851 (West Supp. 2011), notifying the district court that Neely had a prior felony drug conviction and he was therefore subject to a mandatory minimum sentence of twenty years under 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2011). The district court sentenced Neely to the mandatory minimum sentence of twenty years' imprisonment. On appeal, Neely argues the district court erred in enhancing his sentence based on the prior conviction and that application of the enhancement violated the Double Jeopardy Clause. Neely further argues that the indictment itself charging him with a drug conspiracy violated the Double Jeopardy Clause. Finding no error, we affirm.

The gravamen of Neely's appeal is that the use of his prior conviction, a 2005 conviction in South Carolina for trafficking crack cocaine, to subject him to an enhanced sentence under 21 U.S.C.A. § 841(b)(1)(B) violated the Double Jeopardy Clause. Neely was subject to a ten-year mandatory sentence on Count One based on his conviction for conspiracy to possess with intent to distribute fifty grams or more of crack

2

cocaine and five kilograms or more cocaine.  In light of the Information the Government filed, Neely's mandatory minimum sentence became twenty years' imprisonment on Count One.  Neely argues that the offense conduct underlying the prior conviction occurred during the conspiracy period and therefore application of the prior conviction to enhance his sentence amounts to punishing him for the same conduct.

We have previously clarified that a conspiracy is a distinct crime from the overt acts that support it, and therefore, enhancing a sentence for conspiracy because of a prior conviction, where one of the overt acts supporting the conspiracy resulted in the prior conviction, presents no double jeopardy concerns.  United States v. Ambers, 85 F.3d 173, 177-78 (4th Cir. 1996) (observing the Supreme Court has consistently rejected double jeopardy challenges to sentencing schemes that enhance a defendant's sentence because of a prior conviction).  Furthermore, we have held that when a defendant is convicted of a drug conspiracy under 21 U.S.C.A. § 846 (West Supp. 2011), prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final.  United States v. Smith, 451 F.3d 209, 224-25 (4th Cir. 2005); 21 U.S.C.A. § 841(b)(1)(A) (providing penalties for violations of § 846 and stating that prior felony drug conviction may be used

3

to enhance sentence if it is final); see also United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997) ("[B]ecause the 'purpose of the mandatory minimum enhancement is to target recidivism, it is more appropriate to focus on the degree of criminal activity that occurs after the defendant's conviction for drug-related activity is final rather than when the conspiracy began.'") (citing United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995)). Because we conclude the conspiracy for which Neely was convicted continued well after his 2005 conviction became final, this conviction was properly considered a prior conviction for purposes of enhancing his sentence, and such consideration did not violate the Double Jeopardy Clause.

To the extent Neely argues his very indictment on the conspiracy charge violated his rights against double jeopardy, this court reviews a double jeopardy claim raised for the first time on appeal for plain error. Brecht v. Abrahamson, 507 U.S. 619, 635 (1993); United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992). Clearly, Neely's 2005 conviction for trafficking crack cocaine on a single day in October 2004 is not the same offense as the subject conspiracy which spanned eight years. In any event, there is no double jeopardy violation when two separate sovereigns—the United States and the state of North Carolina—prosecute an individual for the same offense. See Heath v. Alabama, 474 U.S. 82, 89 (1985) (applying separate

4

sovereign exception); <u>Rinaldi v. United States</u>, 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act."). We therefore conclude this argument is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED</u>